IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HILL,<br><br>            Plaintiff,<br><br>      v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION; and DOES 1 through 20, inclusive,<br><br>            Defendants. | 1:06-cv-00939-AWI-DLB<br><br>ORDER RE: MOTION TO EXCLUDE CAUSATION TESTIMONY<br><br>(Doc. 77) |

## I. INTRODUCTION

Defendant Novartis Pharmaceuticals Corporation has filed a motion to exclude the causation testimony of plaintiff Chris Hill's treating physician Dr. Nicolas Veaco and retained expert Dr. Richard Kraut pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Federal Rule of Civil Procedure 702. For reasons discussed below, the motion to exclude the causation testimony of Dr. Veaco shall be granted; the motion to exclude the causation testimony of Dr. Richard Kraut shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings. On June 29, 2006, plaintiff Chris Hill (hereinafter referred to as "Plaintiff") filed her complaint in San Joaquin Superior Court against defendants Novartis Pharmaceuticals Corporation and Does 1 through 20, inclusive, asserting two causes of action for strict products liability and negligence. On July 18, 2006, defendant Novartis Pharmaceuticals Corporation (hereinafter referred to as "Defendant") removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

On August 21, 2012, Defendant filed a motion for summary judgment. In conjunction with the motion, Defendant filed a motion on August 22, 2012 to exclude causation testimony from Plaintiff's treating physician Dr. Nicolas Veaco and Plaintiff's retained expert Dr. Richard Kraut under *Daubert, supra,* 509 U.S. 579, and Federal Rule of Civil Procedure 702. Plaintiff filed a written opposition to Defendant's *Daubert* motion on September 24, 2012. Defendant filed its reply to Plaintiff's opposition on October 11, 2012.

### III. LEGAL STANDARD

Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: [¶] (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; [¶] (b) the testimony is based on sufficient facts or data; [¶] (c) the testimony is the product of reliable principles and methods; and [¶] (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Civ. P. 702. "Rule 702 assigns to the district court the role of gatekeeper and charges the court with assuring that expert testimony 'rests on a reliable foundation and is relevant to the task at hand.' " *U.S. v. Hermanek,* 289 F.3d 1076, 1093 (9th Cir. 2002) (quoting *Daubert, supra,* 509 U.S. at 597). "A trial court has broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the

testimony's reliability." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

## IV. DISCUSSION

***A. Testimony of Dr. Nicolas Veaco*** – Defendant first moves to exclude the general and specific causation testimony of Plaintiff's treating oral surgeon, Dr. Nicolas Veaco. The parties have provided the Court with excerpts of Dr. Veaco's deposition testimony and the underlying medical records on which any opinion Dr. Veaco might offer would presumably be premised in part. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Dr. Veaco is not qualified under Rule 702 to offer an opinion on causation. By his own testimony, Dr. Veaco is not an expert in any aspect of oral or maxillofacial surgery, nor does he consider himself an expert on the issue of whether osteonecrosis of the jaw could conceivably be caused by bisphosphonate medications. The only special education or training possessed by Dr. Veaco relating to the mechanism by which bisphosphonate medications affect the bone comes from a course he attended and a textbook he read the year he attended the course but has not read since; according to Dr. Veaco, the course was simply "the preliminary discussion about a condition," presumably osteonecrosis of the jaw, "that we were just starting to understand." With respect to Plaintiff's diagnosis of osteonecrosis of the jaw, Dr. Veaco further testifies: "I'm not sure exactly how the connection with the intravenous bisphosphonates was made, whether her oncologist told me that she had had them. I'm not sure when I became aware of the condition and put the two together, but in my handwritten clinic note from when I saw her, I did note that she had had bisphosphonates, intravenous bisphosphonates as part of her treatment. So I can't honestly say whether somebody else planted that seed or whether I was aware of the problem and made the connection." In the Court's view, the foregoing demonstrates any testimony Dr. Veaco might offer about a causal connection between bisphosphonates and osteonecrosis of the jaw would be outside the scope of his professional

3

knowledge. Plaintiff has provided no argument or evidence to suggest Dr. Veaco is qualified to opine within a reasonable degree of medical certainty there is a connection between bisphosphonates and Plaintiff's osteonecrosis. Accordingly, Defendant's motion to exclude Dr. Veaco's causation testimony shall be granted. (This ruling does not preclude Dr. Veaco from testifying about any opinions aside from causation he may have formed during the course of Plaintiff's treatment.)

***B. Testimony of Dr. Richard Kraut*** – Defendant further moves to exclude the general and specific causation testimony of Plaintiff's retained expert Dr. Richard Kraut. The parties have provided the Court with Dr. Kraut's expert report dated February 23, 2011; excerpts of Dr. Kraut's deposition testimony from other pharmaceuticals cases; orders issued in state and federal cases that have addressed Dr. Kraut's causation testimony, including cases (such as this one) that were consolidated for pretrial management in *In re: Aredia and Zometa Products Liability Litigation*, 3:06-MD-1760 (the "multidistrict litigation" or "MDL"); and Plaintiff's medical records. It is clear the parties are familiar with the nature and substance of Dr. Kraut's anticipated testimony here as well as the various rationales courts have adopted in determining whether to admit or exclude Dr. Kraut's opinions, and are simply asking the Court to decide what outcome is most supported by the law and the facts. The Court, having reviewed the pleadings of record and all competent and admissible evidence submitted, and applying the proper legal standard, finds Dr. Kraut is qualified under Rule 702 to opine as an expert on the issues for which his testimony has been offered by Plaintiff. The Court further finds Dr. Kraut's testimony rests on a reliable methodology and is relevant to the task at hand. Thus, Defendant's motion to exclude Dr. Kraut's causation testimony shall be denied.

## V. DISPOSITION

Based on the foregoing, Defendant's motion to exclude the causation testimony of Plaintiff's treating physician Dr. Nicolas Veaco is GRANTED. Defendant's motion to exclude the causation testimony of Plaintiff's retained expert Dr. Richard Kraut is DENIED.

IT IS SO ORDERED.

Dated:   November 6, 2012                           _____
                                                   UNITED STATES DISTRICT JUDGE