IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HILL, | 1:06-cv-00939-AWI-DLB |
| Plaintiff, | ORDER RE: MOTION TO EXCLUDE EXPERT TESTIMONY |
| v. | |
| NOVARTIS PHARMACEUTICALS CORPORATION; and DOES 1 through 20, inclusive, | (Docs. 65, 66) |
| Defendants. | |

## I. INTRODUCTION

Defendant Novartis Pharmaceuticals Corporation has filed a motion to exclude the testimony of plaintiff Chris Hill's expert Suzanne Parisian pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Federal Rules of Civil Procedure 401-403 and 702. For reasons discussed below, the motion shall be granted and denied in part.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings. On

June 29, 2006, plaintiff Chris Hill (hereinafter referred to as "Plaintiff") filed her complaint in San Joaquin Superior Court against defendants Novartis Pharmaceuticals Corporation and Does 1 through 20, inclusive, asserting two causes of action for strict products liability and negligence. On July 18, 2006, defendant Novartis Pharmaceuticals Corporation (hereinafter referred to as "Defendant") removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

On August 21, 2012, Defendant filed a motion for summary judgment. In conjunction with the motion, Defendant filed a motion on August 22, 2012 to exclude testimony of Plaintiff's expert Dr. Suzanne Parisian under *Daubert, supra,* 509 U.S. 579, and Federal Rules of Civil Procedure 401-403 and 702. Plaintiff filed her opposition to Defendant's *Daubert* motion on September 24, 2012. Defendant filed its reply to Plaintiff's opposition on October 11, 2012.

### III. LEGAL STANDARD

Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: [¶] (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; [¶] (b) the testimony is based on sufficient facts or data; [¶] (c) the testimony is the product of reliable principles and methods; and [¶] (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Civ. P. 702. "Rule 702 assigns to the district court the role of gatekeeper and charges the court with assuring that expert testimony 'rests on a reliable foundation and is relevant to the task at hand.'" *U.S. v. Hermanek,* 289 F.3d 1076, 1093 (9th Cir. 2002) (quoting *Daubert, supra,* 509 U.S. at 597). "A trial court has broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

## IV. DISCUSSION

The parties have provided the Court with Dr. Parisian's expert report dated October 6, 2008; excerpts of Dr. Parisian's deposition testimony in other pharmaceuticals cases, including *In re: Aredia and Zometa Products Liability Litigation*, 3:06-MD-1760 (the "multidistrict litigation" or "MDL"); partial transcripts of *Daubert* hearings held by other courts; and orders issued in state and federal cases that have addressed Dr. Parisian's testimony, including cases that were consolidated (as here) for pretrial management in the MDL.  It is clear the parties are familiar with the nature and substance of Dr. Parisian's anticipated testimony as well as the rationales courts have adopted in determining whether to admit or exclude Dr. Parisian's opinions, and are simply asking the Court to decide what outcome is most supported by the law and the facts.  That said, the Court, having reviewed the pleadings of record and all competent and admissible evidence submitted, first finds Dr. Parisian is qualified under Rule 702 to opine as an expert on the issues for which her testimony has been offered by Plaintiff – namely, labeling and FDA regulations.  The Court further rules as follows:

1. Defendant's motion to exclude Dr. Parisian's FDA regulatory compliance opinions is DENIED.

2. Defendant's motion to exclude Dr. Parisian's testimony about osteonecrosis of the jaw ("ONJ") causation and diagnosis is GRANTED.  To the extent Defendant intends to suggest any opinion Dr. Parisian might offer about an "association" between Zometa and ONJ as that term appears in 21 C.F.R. § 201.57 should be excluded as a causation opinion in disguise, the motion is DENIED.

3. Defendant's motion to exclude Dr. Parisian's testimony about labeling is DENIED.

4. Defendant's motion to exclude Dr. Parisian's opinions about the intent, motives or state of mind of Defendant or its employees is GRANTED.

5. Defendant's motion to exclude Dr. Parisian's opinions about the reasonableness of Defendant's actions in the context of FDA regulatory compliance is DENIED.

6. Defendant's motion to exclude Dr. Parisian's opinions about Defendant's conduct in monitoring clinical trials is DENIED.

7. Defendant's motion to exclude Dr. Parisian's (1) criticism of the FDA and the pharmaceutical industry unrelated to Aredia or Zometa, (2) testimony regarding drugs other than Aredia and Zometa and injuries other than ONJ and (3) testimony about events occurring after Plaintiff stopped receiving Zometa infusions is GRANTED.

8. Defendant's motion to exclude Dr. Parisian's testimony regarding ghostwriting and company funding of publications is GRANTED.

## V. DISPOSITION

Defendant's motion to exclude the testimony of Plaintiff's expert Dr. Suzanne Parisian is GRANTED in part and DENIED in part pursuant to the foregoing.

IT IS SO ORDERED.

Dated:   November 6, 2012                                   _____
                                                             UNITED STATES DISTRICT JUDGE