**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS HILL, ) | 1:06-cv-00939-AWI-DLB |
| ) | |
| Plaintiff, ) | ORDER RE: MOTION TO |
| ) | EXCLUDE EXPERT |
| v. ) | TESTIMONY |
| ) | |
| NOVARTIS PHARMACEUTICALS ) | (Doc. 69) |
| CORPORATION; and DOES ) | |
| 1 through 20, inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**I. INTRODUCTION**

Defendant Novartis Pharmaceuticals Corporation has filed a motion to exclude the testimony of plaintiff Chris Hill's expert Robert Marx pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Federal Rule of Civil Procedure 702. For reasons discussed below, the motion shall be granted and denied in part.

**II. FACTS AND PROCEDURAL BACKGROUND**

The Court refers the parties to previous orders for a complete chronology of the proceedings. On

1  June 29, 2006, plaintiff Chris Hill (hereinafter referred to as "Plaintiff") filed her complaint in San
2  Joaquin Superior Court against defendants Novartis Pharmaceuticals Corporation and Does 1
3  through 20, inclusive, asserting two causes of action for strict products liability and negligence. On
4  July 18, 2006, defendant Novartis Pharmaceuticals Corporation (hereinafter referred to as
5  "Defendant") removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

6  On August 21, 2012, Defendant filed a motion for summary judgment. In conjunction with
7  the motion, Defendant filed a motion on August 22, 2012 to exclude testimony of Plaintiff's expert
8  Dr. Robert Marx under *Daubert, supra,* 509 U.S. 579, and Federal Rule of Civil Procedure 702.
9  Plaintiff filed her opposition to Defendant's *Daubert* motion on September 24, 2012. Defendant filed
10  its reply to Plaintiff's opposition on October 11, 2012.

## III. LEGAL STANDARD

Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: [¶] (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; [¶] (b) the testimony is based on sufficient facts or data; [¶] (c) the testimony is the product of reliable principles and methods; and [¶] (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Civ. P. 702. "Rule 702 assigns to the district court the role of gatekeeper and charges the court with assuring that expert testimony 'rests on a reliable foundation and is relevant to the task at hand.' " *U.S. v. Hermanek,* 289 F.3d 1076, 1093 (9th Cir. 2002) (quoting *Daubert, supra,* 509 U.S. at 597). "A trial court has broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

## IV. DISCUSSION

The parties have provided the Court with Dr. Marx's expert report in *In re: Aredia and Zometa Products Liability Litigation*, 3:06-MD-1760 (the "multidistrict litigation" or "MDL"); excerpts of Dr. Marx's deposition testimony in other pharmaceuticals cases; partial transcripts of *Daubert* hearings held by other courts; and orders issued in state and federal cases that have addressed Dr. Marx's testimony, including cases (such as this one) that were consolidated for pretrial management in the MDL.  It is clear the parties are familiar with the nature and substance of Dr. Marx's anticipated testimony here as well as the competing rationales courts have adopted in determining whether to admit or exclude Dr. Marx's opinions, and are simply asking the Court to decide what outcome is most supported by the law and the facts.  That said, the Court, having reviewed the pleadings of record and all competent and admissible evidence submitted, and applying the proper legal standard, first finds Dr. Marx is qualified under Rule 702 to opine as an expert on the issues for which his testimony has been offered by Plaintiff.  The Court further rules as follows:

1. Defendant's motion to preclude Dr. Marx from testifying about recommended dental evaluation and treatment measures effective in preventing bisphosphonate-induced osteonecrosis of the jaw is DENIED.

2. Defendant's motion to preclude Dr. Marx from opining Defendant engaged in "bad faith" conduct is GRANTED.  The Court finds this and other testimony regarding Defendant's intent, motives or state of mind to be impermissible and outside the scope of expert testimony.  Nevertheless, the Court further finds Dr. Marx is not precluded from (1) offering expert opinions about the information available to Defendant internally and from relevant medical literature and (2) testifying as a percipient witness about his experiences working with Defendant and its employees, all of which could conceivably lead a reasonable trier of

3

fact to infer Defendant's actions were undertaken in bad faith.

3. Defendant's motion to preclude Dr. Marx from criticizing Defendant's clinical trials is GRANTED. The Court finds Dr. Marx lacks the requisite expertise to opine about the adequacy of Defendant's clinical trials. Nevertheless, the Court further finds Dr. Marx is not precluded from offering testimony (1) about the lack of information in clinical trial records, (2) that certain procedures were not performed during the trials and (3) to the extent necessary to support his opinion certain patients in the trials had bisphosphonate-induced osteonecrosis of the jaw (see no. 4 below).

4. Defendant's motion to preclude Dr. Marx from opining that certain patients in Defendant's clinical trials had bisphosphonate-induced osteonecrosis of the jaw is DENIED.

5. Defendant's motion to preclude Dr. Marx from testifying as to general causation based on adverse events reports is DENIED.

6. Defendant's motion to preclude Dr. Marx from opining about the biological mechanism by which bisphosphonate drugs allegedly cause osteonecrosis of the jaw is DENIED.

## V. DISPOSITION

Based on the foregoing, Defendant's motion to exclude the testimony of Plaintiff's expert Dr. Robert Marx is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated:   November 6, 2012

_____
UNITED STATES DISTRICT JUDGE