UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
------------------------------------- x
CHRIS HILL,                           :
                                      :
            Plaintiff,                :    1:06-CV-00939-JSR-SAB
                                      :
       -v-                            :    ORDER ON PLAINTIFF'S
                                      :    MOTION TO RETAX COSTS
NOVARTIS PHARMACEUTICALS CORPORATION, :    (Document No. 219)
                                      :
            Defendant.                :
------------------------------------- x

**FILED**
OCT 10 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

JED S. RAKOFF, U.S.D.J.

    Pending before this Court is plaintiff Chris Hill's motion (Doc. No. 219) to retax costs awarded to defendant Novartis Pharmaceuticals Corporation after Novartis was awarded judgment in this matter. On August 29, 2013, the Clerk of the Court taxed costs totaling $12,034.05 under Federal Rule of Civil Procedure 54(d). Plaintiff argues that she should not be taxed any costs, and, in the alternative, that she should not be taxed particular costs if the Court decides to award costs. Because of the unique circumstances of this case and of the plaintiff's situation, the Court grants the plaintiff's motion and taxes no costs.

    This Court has broad discretion to disallow or reduce costs, as long as it specifies reasons for doing so. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). A non-exhaustive list of factors that courts consider includes the following:

- Plaintiff's limited financial resources;

- The chilling effect of imposing high costs on future litigants;
- Whether the issues in the case were close and difficult;
- Whether the plaintiff litigated in good faith; and
- Whether the case presented issues of national importance.

*Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010); *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592.

Plaintiff is an over-the-road truck driver who lives in her truck. *See, e.g.*, Pl. Motion to Retax Costs, Sept. 16, 2013 (Doc. No. 219), at 1. This, as well as other evidence that emerged at trial, satisfactorily demonstrates her lack of financial resources. In addition, based on its careful consideration of the trial proceedings, the Court concludes that several of the issues in this case were difficult, that the plaintiff litigated the case in good faith, and that the issues in this "bellwether" case were of national importance.

Therefore, Plaintiff's Motion to Retax Costs (Doc. No. 219) is granted in full. The Clerk of the Court is directed not to award the defendant costs.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
October 11, 2013

2